IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BRIAN RICHARD LANCE | ) Case No. 05-63498 |
| | ) |
| Debtor. | ) |

ORDER DENYING TRUSTEE'S MOTION TO COMPEL
TURNOVER OF 2004 ARCTIC CAT SNOWMOBILE

The Chapter 7 Trustee filed a Motion to compel the Debtor to turn over a 2004 Arctic Cat Snowmobile (the "Snowmobile") identified on the Debtor's schedules.  Both the Debtor and NW Preferred Federal Credit Union (the "Credit Union")[1] responded to the Motion to Compel, each stating that the Credit Union has a perfected security interest in the Snowmobile and that there is no equity in it.  For the reasons that follow, the Trustee's Motion to Compel is DENIED.

Although the loan documents were not submitted at the hearing on the Trustee's Motion, and the Trustee initially took the position that the Credit Union failed to provide proof of perfection in violation of Local Rules, it appeared at the hearing on the Motion that the Trustee has received copies of the loan documents and now concedes that they granted the Credit Union a purchase-money security interest in the Snowmobile.  Rather, the only issue argued at hearing was whether the security interest was properly perfected.  The Trustee asserts the security interest was not perfected because no UCC-1 financing statement was filed; the Credit Union asserts the Snowmobile is a "consumer good" under the Uniform

---

[1] The Debtor referred to this creditor in his schedules as "Northwest Farmers Credit Union."

Commercial Code and, therefore, perfection occurred when the security interest attached and that no filing was necessary.

According to the statements of counsel at hearing,[2] the Debtor, who at all relevant times lived in Missouri, purchased the Snowmobile in Wisconsin on February 15, 2005. The Snowmobile is located in Minnesota, where the Debtor stores it at his brother's house. The Debtor uses it for recreational purposes when he visits his brother there. He has never brought it to Missouri.

The Debtor filed a voluntary Chapter 7 bankruptcy petition on October 6, 2005. He lists the Snowmobile with a value of $4,000, and a secured claim of $4,152 held by the Credit Union. His Statement of Intention indicates he intends to keep the Snowmobile and reaffirm the debt to the Credit Union.

The first issue is which state's laws apply in this situation, given that the Debtor lives in Missouri, but the Snowmobile was purchased in Wisconsin and is currently located in Minnesota. Bankruptcy courts apply the choice of law rules of the state in which they sit.[3] In Missouri, the choice of law rule governing perfection of security interests is found in §400.9-301 of the Missouri Statutes. That section provides, in relevant part:

Except as otherwise provided in sections 400.9-303 through 400.9-306, the

---

[2] The Debtor did not appear at the hearing on the Trustee's Motion, due to car problems. However, the Trustee in effect accepted opposing counsels' statements as to the facts surrounding the Debtor's purchase and use of the Snowmobile as offers of proof. The only disputed issue raised at hearing was whether a snowmobile is a "consumer good" under the UCC.

[3] *In re Payless Cashways,* 203 F.3d 1081, 1084 (8th Cir. 2000).

following rules determine the law governing perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral:

> (1) Except as otherwise provided in this section, while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral.[4]

This general rule does not apply to certain types of collateral, such as those covered by a certificate of title, which are governed by § 400.9-303.[5]

In Missouri, "motor vehicles" are covered by certificates of title.[6] Section 301.010 of the Missouri Statutes defines "motor vehicle" as "any self-propelled vehicle not operated exclusively upon tracks, except farm tractors."[7] "Vehicle" is defined as "any mechanical device on wheels, designed primarily for use, or used, on highways, except motorized bicycles, vehicles propelled or drawn by horses or human power, or vehicles used exclusively on fixed rails or tracks, or cotton trailers or motorized wheelchairs operated by handicapped persons."[8] With regard to snowmobiles, as the Attorney General for Missouri has opined:

> A snowmobile, as we describe the machine, is a self-propelled vehicle not operated exclusively on tracks and would come within the definition of a motor vehicle . . . if it is a "vehicle." The term "vehicle," as used in this chapter, is defined as any mechanical device on wheels, designed primarily for use on highways, and is to be included in the definition of "motor vehicle"

---

[4] Mo. Rev. Stat. § 400.9-301.

[5] Mo. Rev. Stat. § 400.9-303.

[6] Mo. Rev. Stat. § 301.190.

[7] Mo. Rev. Stat. § 301.010(34).

[8] Mo. Rev. Stat. § 301.010(65).

> which has to be registered under this chapter. Unless it is a mechanical device on wheels, it does not come within the definition of a motor vehicle which is required to be registered and licensed under Chapter 301 . . . It is our opinion that a snowmobile is not a mechanical device on wheels since it gets its traction for mobility to move forward from the revolution of the belts and not from wheels. Further, it is our understanding snowmobiles are not designed primarily for use on highways. Therefore, snowmobiles are not required to be registered and licensed under Chapter 301 before being operated on the highways of this state."[9]

I agree. Because a snowmobile does not have wheels, nor is it used on highways, it is not a "motor vehicle" under the clear language of the statute.

In addition, the Missouri Statutes contain a specific provision requiring all-terrain vehicles be covered by a certificate of title.[10] "All-terrain vehicles" are defined as "any motorized vehicle manufactured and used exclusively for off-highway use . . . traveling on three, four or more low pressure tires."[11] Again, because a snowmobile does not have tires, it is not an "all-terrain vehicle" and is not covered by a certificate of title.

Accordingly, because snowmobiles are not covered by certificates of title, § 400.9-301(1) provides that the local law of the jurisdiction where the Debtor is located governs perfection of security interests in them. An individual is "located," for purposes of the UCC, at his or her principal residence.[12] Missouri law, therefore, applies.

---

[9] Op. Att'y. Gen. No. 56 (1977).

[10] Mo. Rev. Stat. § 301.77 ("All-terrain vehicles shall be treated in the same manner as motor vehicles, pursuant to this chapter, for the purposes of transfer, titling, perfection of liens and encumbrances, and the collection of all taxes, fees and other charges.")

[11] Mo. Rev. Stat. § 301.010(1).

[12] Mo. Rev. Stat. § 400.9-307.

Under Missouri law, certain types of collateral require the filing of a financing statement in order to perfect a security interest in them.[13] The Credit Union asserts that the Snowmobile is a "consumer good," and therefore is excepted from the filing requirements. Goods are classified as "consumer goods" if they are "goods that are used or bought for use primarily for personal, family, or household purposes."[14] The determinative factor is the principal use to which the property is put.[15]

There is no dispute that the Debtor uses the Snowmobile for recreational purposes when he visits his brother in Minnesota. Hence, I find that the Debtor uses the Snowmobile primarily for personal purposes and it is, therefore, a "consumer good" under the UCC.

The UCC provides for the automatic perfection of purchase-money security interests taken in consumer goods, other than goods covered under Missouri's motor vehicle registration and licensing laws.[16] Because the Snowmobile is a "consumer good" and is not a motor vehicle subject to registration and licensing laws, the Credit Union's purchase-money security interest was perfected when it attached. The Credit Union was not required

---

[13] *See* Mo. Rev. Stat. § 400.9-310.

[14] Mo. Rev. Stat. § 400.9-102(23).

[15] U.C.C. § 9-102 cmt 4.a. *See also In re ASW III Builder-Contractor, Inc.*, 12 B.R. 29, 32 (Bankr. D. Va. 1981) ("The test [for] the classification of goods under [§ 9-102 of the UCC] is the owner's use of the goods.").

[16] Mo. Rev. Stat. §§ 400.9-309(1), 400.9-311(a)(2), 301.600-660. *See also* U.C.C. § 9-309 cmt. 3 ("No filing or other step is required to perfect a purchase-money security interest in consumer goods, other than goods, such as automobiles, that are subject to a statute or treaty described in Section 9-311(a).")

to file a financing statement in order to perfect its security interest.

Accordingly, because NW Preferred Federal Credit Union has a perfected security interest in the 2004 Arctic Cat Snowmobile and there is no equity in it, the Trustee's Motion to Compel Turnover is DENIED.

IT IS SO ORDERED.

                                                /s/ Arthur B. Federman
                                                  Bankruptcy Judge

Date: March 7, 2006

Copy to: Jon M. Gold
            J. Kevin Checkett